MARTIN, PLAINTIFF-APPELLANT, *v.* MOHN, DEFENDANT-APPELLEE.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26340.   Decided October 24, 1963.

*Messrs. Arter, Hadden, Wykoff & Van Duzer, Mr. Thomas V. Koykka* and *Mr. Walter A. Bates,* for plaintiff-appellant.
*Mr. George McMonagle* and *Mr. George Hayes,* for defendant-appellee.

*Per Curiam.*   Plaintiff-appellant appeals on questions of law from the overruling of his petition for a new trial on the ground of newly-discovered evidence pursuant to Section 2321.21, Revised Code.   In the original trial, the plaintiff-appellant, Joseph Martin, was the defendant in an action for

personal injuries brought by the defendant-appellee, Betty Mohn, as plaintiff. That case resulted in a verdict and judgment in favor of Betty Mohn. This court determines that the Court of Common Pleas of Cuyahoga County committed error prejudicial to the substantial rights of plaintiff-appellant in not granting his petition for new trial, for the reason that such evidence, as reflected by the record before us, shows:

1. That defendant appellee's testimony at the pre-trial deposition regarding her medical history was misleading and did not constitute the true facts in that she did not disclose that she had been hospitalized about four years before this accident, suffering from nervousness, laziness, weight gain, insomnia, backache, band-like headache, nocturia and had other complaints and had seen many doctors; that she did not disclose that in 1954 she was hospitalized as suffering from an anxiety reaction and at that time she reported a nervous breakdown in 1949; that the hospital staff concensus after that hospitalization was that defendant-appellee had a long-standing anxiety neurosis with deep feelings of inadequacy and insecurity;

2. That defendant-appellee's testimony at the trial was to the effect that the prior general condition of her health was fine and that she had not suffered from headaches or dizziness before this accident, that her nervous condition was the result of the accident and was subsequent to such accident; that the duration of her illness as given in her Psychiatric History in 1954 was given as "several years";

3. That in view of the newly-discovered evidence, Dr. Reuben R. Gould, defendant-appellee's medical expert, testified on an erroneous assumption of her prior good health.

4. That the newly-discovered evidence of prior complaints and prior treatment for mental disturbance of the same nature as part of the injuries, complaints and treatment claimed by defendant-appellee at the trial to be a result of the accident, together with prior hospitalization for same, would probably have caused the jury to reach a different conclusion as to damages;

5. That due diligence was exercised by plaintiff-appellant before trial and during the trial in an endeavor to ascertain the truth regarding prior condition, prior complaints and prior treatment of defendant-appellee.

6. That such newly-discovered evidence was material to the issues of the nature and extent of injuries and damages for plaintiff-appellant and was not merely cumulative.

For the foregoing reasons, the judgment of the court below is reversed as contrary to law and the cause is remanded with instructions to grant plaintiff-appellant's petition for a new trial and for further proceedings according to law.

Exceptions. Order see journal.

SILBERT and CORRIGAN, JJ., concur.
HURD, P. J., not participating.